IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN GOHEEN AND WIFE SHARON GOHEEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:03-CV-339 ) |
| MARCUS L. GARVER, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion for Determination of and Entry of Judgment for State Farm Mutual Automobile Insurance Company's Stipulated Subrogation Interest" [doc. 66]. Plaintiffs have responded [doc. 75], and defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a reply [doc. 77]. The court has determined that oral argument is not necessary, and the motion is ripe for the court's consideration.

I.

This automobile accident case, in which Tennessee law applies, was tried to a jury that returned a verdict of $20,000 for John Goheen and $20,000 for Sharon Goheen, with neither plaintiff taking anything for their loss of consortium claims. The jury found that the defendant was 60% at fault and John Goheen was 40% at fault. Therefore, the court

reduced the jury's award to John Goheen by 40%, so he receives $12,000. Because Sharon Goheen did not make a claim against her husband, her award was reduced by 40%, and she too receives $12,000.

State Farm seeks recovery of the medical expenses paid on behalf of the plaintiffs. The expenses total $4,337.68 for John Goheen and $5,370.67 for Sharon Goheen. State Farm states that 40% of these amounts is $2,602.60 and $3,222.40 respectively, and State Farm is asking the court to decide the amount it is entitled to receive in satisfaction of its subrogation interest.

Plaintiffs contend that it would be inequitable and unfair to allow State Farm to collect on its subrogation interest because they have not been made whole. They contend that they are barely recovering for their pain and suffering and out-of-pocket expenses and are not fully recovering for their medical bills, so there is no danger that they will recover twice for the same loss.

II.

Subrogation is defined as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Castleman Constr. Co. v. Pennington*, 432 S.W.2d 669, 674 (Tenn. 1968). Subrogation permits "an insurer to 'stand in the shoes' of an insured and assert the rights the insured had against a third party." *Blankenship v. Estate of Bain*, 5 S.W.3d 647,

2

650 (Tenn. 1999) (citing *Winberly v. American Cas. Co.*, 584 S.W.2d 200, 203 (Tenn. 1979)).

> The principles of subrogation, whether provided for by contract ("conventional" subrogation), or arising under equitable principles of law ("legal" subrogation), are well-established in [Tennessee] case law. Subrogation is based on two fundamental premises: 1) that an insured should not be allowed double recovery for the same loss, which would be the result if permitted to recover both from the insurer and a tortfeasor; and 2) that the tortfeasor or wrongdoer should compensate the insurer for payments the insurer made to the insured.

*York v. Sevier County Ambulance Auth.*, 8 S.W.3d 616, 619 (Tenn. 1999) (citations omitted).

Subrogation is subject to the "made whole" doctrine, the concept that a plaintiff must receive complete compensation before the insurer is entitled to subrogation. *Id.* "[A]n insurer is not entitled to subrogation unless and until the insured has been made whole for his or her losses, regardless of what language is contained in the contract." *Id.* at 621; *see also Copeland Oaks v. Haupt*, 209 F.3d 811, 814 (6th Cir. 2000) ("Made whole" rule provides that "insurer cannot enforce its subrogation rights unless and until the insured has been made whole by any recovery, including any payments from the insurer.").

State Farm contends that the plaintiffs have been made whole based on the jury's verdict. It argues that the case went to trial and the jury determined what amounts would make the plaintiffs whole when it made its damage awards.

3

With regard to this issue, the Tennessee Court of Appeals has stated:

> We have previously held that in the absence of *an adjudication establishing the specific remunerative value of an injury*, the court can make an equitable determination as to whether an injured party has been made whole. Ordinarily, the injured party may make such determination by settlement; failing that, *it may be made by the jury* or the judge. In extraordinary circumstances equity may intervene, and make a determination.

*Tennessee Farmers Mut. Ins. Co. v. Farmer*, No. 03A01-9610-CH-00327, 1998 WL 695637, at *2 (Tenn. Ct. App. Aug. 20, 1998) (emphasis added) (citing *Blue Cross/Blue Shield of Tenn. v. Christopher*, No. 03A01-9412-CH-00429, 1995 WL 229060 (Tenn. Ct. App. Apr. 19, 1995)).

The court concludes that the jury determined the amounts necessary to make both plaintiffs whole. Plaintiffs did not recover the amount in damages that they were requesting, and they face contractual attorney fees and the expenses associated with getting to trial. However, plaintiffs cite to no authority that permits consideration of litigation expenses when determining whether a jury verdict has made a plaintiff whole. It is the amount of the damages award by the jury that represents "the specific remunerative value" of plaintiffs' injuries. Plaintiffs have been made whole.

### III.

Because of the comparative fault finding by the jury, the court reduced by 40% the $20,000 compensatory damages award to each plaintiff. Thus, each plaintiff will recover

4

$12,000 from the defendant. For its subrogation interest, State Farm seeks 40% of the amounts it has paid in medical expenses for each plaintiff, not the total amount it has paid out. For plaintiff John Goheen, the amount sought is $2,602.60, and for plaintiff Sharon Goheen, the amount sought is $3,222.40. State Farm states in its reply brief, "Of these two amounts, it is up to the Court to decide how much State Farm is entitled to receive of the Judgment for satisfaction of its subrogation interest."

Courts in Tennessee have recognized that equitable principles support and govern the enforcement of subrogation. *Wimberly v. American Cas. Co.*, 584 S.W.2d 200 (Tenn. 1979). This is true whether the subrogation is labeled "conventional" or "legal," because such distinctions relate to the source of the right to subrogation and the determination of whether there is a right to claim subrogation. *Castleman Constr. Co.*, 432 S.W.2d at 675. "[R]egardless of the source of the right of subrogation, the right will only be enforced in favor of a meritorious claim and after a balancing of the equities." *Id.* at 676; *see also Lawyers Title Ins. Corp. v. United Am. Bank of Memphis*, 21 F. Supp. 2d 785, 792 (W.D. Tenn. 1998). Subrogation "will not be enforced when it would work injustice to the rights of those having equities." *Castleman Constr. Co.*, 432 S.W.2d at 674. "[I]ts purpose is to provide an equitable adjustment between the parties based on the facts and circumstances of the case." *Citicorp Mortgage, Inc. v. Bancorpsouth Bank*, No. W2004-00332-COA-R3-CV, 2004 WL 2715278, at *3 (Tenn. Ct. App. Nov. 19, 2004). Because subrogation is a creature of equity, its principles are flexible. *Assocs. Home Equity Servs., Inc. v. Franklin Nat. Bank*,

5

No. M2000-00516-COA-R3-CV, at *3 (Tenn. Ct. App. March 26, 2002) (citing *Castleman Constr. Co.*, 432 S.W.2d at 675).

With these principles in mind, the court has considered the circumstances of this case, the award of the jury, the comparative fault deduction, and the dollar amounts requested by State Farm for its subrogation claim. After balancing the equities, the court has determined that the amounts requested by State Farm, $2,602.40 and $3,222.40, should be reduced by half. "[A]ny potential loss incurred by the insurer is a loss that it was paid to assume by the very nature of an insurance contract." *York*, 8 S.W.3d at 620.

IV.

Accordingly, State Farm's motion [doc. 66] will be granted. Its subrogation interest as to plaintiff John Goheen is set at $1,301.30; the subrogation interest for plaintiff Sharon Goheen is set at $1,611.20. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge